# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

U.S. BANK NATIONAL ASSOCIATION,

   *Plaintiff,*

vs.

MULTI SERVICE CORPORATION, MARK O'CONNELL, MOLLY HUNDLEY, DORETTA WATSON, MICHELE URNESS WILLS, MARTHA SALINAS, WORLD FUEL SERVICES CORPORATION, AHT SERVICES, LLC, and MULTI SERVICE TECHNOLOGY SOLUTIONS, INC.,

   *Defendants.*

Case No. 15-cv-7502-EFM-KGS

**ORDER**

Plaintiff U.S. Bank National Association brings this action asserting claims for breach of non-compete agreements, unfair competition under federal and state law, and violation of the implied covenant of good faith and fair dealing. Plaintiff asserts these claims against nine Defendants: Multi Service Corporation ("MSC"), Mark O'Connell, Molly Hundley, Doretta Watson, Michele Urness Wills, Martha Salinas, World Fuel Services Corporation("WFSC"), AHT Services LLC, and Multi Service Technology Solutions, Inc. ("MSTS"). There are three motions pending before the Court. Defendant WFSC has filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 26). Defendants other than MSC have filed a Motion to Strike

Plaintiff's Second Amended Complaint (Doc. 35). And Plaintiff has filed a Motion for Leave to File Second Amended Complaint Nunc Pro Tunc (Doc. 38). For the reasons set forth below, the Court grants Defendants' Motion to Strike, grants Plaintiff's Motion for Leave, and denies WFSC's Motion to Dismiss as moot.

## I.     Procedural Background

Plaintiff filed its original complaint on April 24, 2015. On June 22, 2015, Plaintiff filed its First Amended Complaint, adding allegations concerning certain matters that occurred after the original complaint was filed. On July 6, 2015, all Defendants other than WFSC filed answers to the amended complaint. Defendants MSC and MSTS additionally filed counterclaims based on a Program Card Services Agreement. On that same day, WFSC filed a motion to dismiss for lack of personal jurisdiction, to which Plaintiff was required to respond by July 27, 2015.

Fifteen days later, on July 21, 2015, Plaintiff filed a Second Amended Complaint adding further jurisdictional allegations with regard to WFSC. It also added Defendant World Fuel Services, Inc. as a Defendant, added factual allegations against MSC and MSTS, and added a new breach of contract claim against MSC and MSTS based on the Program Card Services Agreement those parties raised in their counterclaims. Plaintiff did not otherwise respond to WFSC's motion to dismiss at the time.

On August 3, 2015, Defendants other than MSC (hereafter collectively referred to as "Defendants") filed a Motion to Strike the Second Amended Complaint on the basis that Plaintiff did not obtain either their consent or leave of the Court to file it. The next day, Plaintiff filed a Motion for Leave to File its Second Amended Complaint Nunc Pro Tunc, asking the Court to grant it leave to file its Second Amended Complaint effective as of its previous filing date of July 21, 2015, or effective as of the date of the Court's order on its motion. Two days later, on

August 5, 2015, Plaintiff filed its response to WFSC's motion to dismiss. Having been fully briefed, the parties' motions are ripe for the Court's consideration.[1]

## II. Legal Standards

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course (1) within twenty-one days of serving it or (2) if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion, whichever is earlier.[2] Subsequent amendments are allowed only with the opposing party's written consent or with leave of the court.[3] Leave to amend is within the district court's sound discretion,[4] and the court "should freely give leave when justice so requires."[5] The court may consider a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[6] The party opposing the amendment has the burden to show the basis for denial.[7]

## III. Analysis

The three motions pending before the Court are somewhat interrelated because of the procedural history of this case. For purposes of clarity, the Court will not address them in the

---

[1] The Court is aware that Plaintiff has filed a Motion for Leave to File Third Amended Complaint (Doc. 80). Because this motion is not ripe for the Court's consideration and does not affect the Court's analysis of the three pending motions described in this Order, the Court will not address it at this time.

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Horn v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (citation omitted).

[7] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010) (citing *Capital Sol. LLC v. Konica Minolta Bus. Sol. USA, Inc.*, 2009 WL 1635894, at *5 (D. Kan. June 11, 2009)).

order in which they were filed. Instead, the Court will first address Defendants' Motion to Strike the Second Amended Complaint. Then, it will address Plaintiff's Motion for Leave to File Second Amended Complaint in conjunction with WFSC's Motion to Dismiss for Lack of Personal Jurisdiction.

### A. Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. 35)

Defendants ask the Court to strike Plaintiff's Second Amended Complaint because Plaintiff filed it without their consent and without leave of court. As previously noted, Rule 15 allows a party to amend its pleadings "once as a matter of course."[8] All subsequent amendments must be made only with the other party's written consent or the court's leave.[9] Plaintiff amended its original complaint for the first time on June 22, 2015. Therefore, it could not file its Second Amended Complaint without obtaining Defendants' consent or leave of the Court. Plaintiff obtained neither. Accordingly, the Court grants Defendants' Motion to Strike Plaintiff's Second Amended Complaint.

### B. Plaintiff's Motion for Leave to File Its Second Amended Complaint; Defendant WFSC's Motion to Dismiss for Lack of Personal Jurisdiction (Docs. 26 and 38).

WFSC seeks dismissal of Plaintiff's claims against it on the basis that this Court lacks personal jurisdiction over it. Plaintiff did not file a timely response to this motion. Instead, it filed its Second Amended Complaint. After Defendants moved to strike the Second Amended Complaint, Plaintiff filed a Motion for Leave to File Second Amended Complaint Nunc Pro Tunc. Defendants contend that Plaintiff's Motion for Leave should be denied because the

---

[8] Fed. R. Civ. P. 15(a)(1).

[9] Fed. R. Civ. P. 15(a)(2).

additional jurisdictional allegations still do not confer personal jurisdiction over WFSC and thus they are futile.

It is well settled that a court may deny a motion for leave to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[10] The Tenth Circuit has recognized that this factor applies when the "complaint, as amended, would be subject to dismissal."[11] Here, Defendant's sole basis for opposing Plaintiff's motion is that the new allegations in the Second Amended Complaint still do not confer personal jurisdiction over WFSC. This argument ignores Plaintiff's other amendments to the Second Amended Complaint, which include the addition of a new Defendant to this action, factual allegations regarding MSC's alleged breach of a Program Card Services Agreement, and the new breach of contract claim Plaintiff asserts against MSC and MSTS. Courts in this district have rejected a defendant's futility argument when the defendant does not challenge all of the newly proposed facts and claims as futile.[12] This Court makes the same finding here. Because Defendants only challenge those allegations relating to this Court's jurisdiction over WFSC and not all of Plaintiff's newly proposed allegations and breach of contract claim, Defendants have not met their burden to show that the Second Amended Complaint is futile.

---

[10] *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont Cnty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

[11] *See, e.g., Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quotation omitted); *TV Commc'ns Network, Inc. v. Turner Network Television*, 964 F.2d 1022, 1028 (10th Cir. 1992) (quotation omitted).

[12] *See Tommey v. Comput. Sciences Corp.*, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012) (permitting amendment and rejecting futility argument where defendant did not challenge the newly proposed facts and claims as futile); *FDIC v. Renda*, 1987 WL 348635, at *9 (D. Kan. Aug. 6, 1987) (permitting amendment over the defendants' futility objections and noting that even if the defendants' arguments were correct "many of [the] defendants' points would only relate to certain counts, not the entire complaint").

Plaintiff's Motion for Leave is further supported by the fact that Defendants make no claim of prejudice with regard to the proposed amendments.[13] Indeed, Defendants' response brief is entirely silent on this issue. Thus, the Court finds that allowing Plaintiff to file its Second Amended Complaint in these circumstances comports with the liberal amendment policy of Rule 15(a) without prejudicing the parties opposing the amendment. Plaintiff may file its Second Amended Complaint effective as of the date of this Order.

Turning to WFSC's Motion to Dismiss, the Court finds that WFSC's motion and affidavit submitted in support of such motion are no longer entirely relevant because of the additional jurisdictional allegations in the Second Amended Complaint. The Court acknowledges that Plaintiff did not file a timely response to WFSC's motion and originally filed its Second Amended Complaint in violation of Rule 15. While the Court does not look favorably on such conduct, it is reluctant to dismiss WFSC from this case solely on those grounds. Such a decision would be contrary to the spirit of the Federal Rules of Civil Procedure.[14] Therefore, the Court denies WFSC's Motion to Dismiss as moot. WFSC may refile its motion based on the allegations in the Second Amended Complaint should it wish to do so.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's Second Amended Complaint (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 38) is **GRANTED**.

---

[13] *See Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006) ("Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend.") (citation omitted).

[14] *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities.").

**IT IS FURTHER ORDERED** that Defendant World Fuel Services Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 26) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 18th day of December, 2015.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE